**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CARBONDALE, SAMRON MIDWEST )<br>CONTRACTING, INC., and DEAN REECE, )<br>)<br>Defendants. ) | No.: **3:23-cv-1032** |

**BITCO GENERAL INSURANCE CORPORATION'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff BITCO General Insurance Corporation ("BITCO General"), pursuant to 28 U.S.C. §2201, et seq., by and through its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants City of Carbondale, Illinois ("Carbondale"), Samron Midwest Contracting, Inc. ("Samron"), and Dean Reece ("Mr. Reece"), alleges as follows:

**STATEMENT OF THE CASE**

1. This is an action by Plaintiff BITCO General for a declaration that BITCO General has no duty to defend Defendant Carbondale under a liability insurance policy that BITCO General issued to Samron in connection with an underlying lawsuit filed by Mr. Reece against Carbondale, because the coverage afforded to Carbondale under the BITCO General policy is excess coverage and does not require BITCO General to defend Carbondale.

**JURISDICTION AND VENUE**

2. BITCO General is an Illinois corporation with its principal place of business in Davenport, Iowa.

3. Defendant Carbondale is a municipality in Jackson County, Illinois.

4. Defendant Samron is an Illinois corporation with its principal place of business in Murphysboro, Jackson County, Illinois, and is named as a defendant solely on the basis that, as the Named Insured of BITCO General, it is a potentially necessary party pursuant to Illinois law. BITCO General is willing to dismiss Samron from this matter if Samron stipulates to be bound by the ruling of this Court.

5. Defendant Mr. Reece is an individual that resides in Carbondale, Jackson County, Illinois, and is named as a defendant solely on the basis that he is potentially a necessary party pursuant to Illinois law. BITCO General is willing to dismiss Mr. Reece from this matter if Mr. Reece stipulates to be bound by the ruling of this Court.

6. This matter is brought pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and fees, and this action is between citizens of different states.

7. Venue lies in this forum pursuant to 28 U.S.C. §1391(b)(2) because the claims herein alleged are substantially related to litigation occurring in Jackson County, Illinois.

## THE BITCO GENERAL INSURANCE POLICY

8. BITCO General issued a commercial general liability insurance policy to Samron under policy no. CLP 3 686 114 B, effective from September 17, 2019 to September 17, 2020 ("the BITCO General Policy"). A certified copy of the relevant part of the BITCO General Policy is attached hereto as Exhibit A.

## THE UNDERLYING LAWSUIT

9. Carbondale and Samron are defendants in a lawsuit titled <u>Dean Reece v. City of Carbondale, et al.</u>, Case No. 2020 L 106, pending in the Circuit Court for the First Judicial

Circuit, Jackson County, Illinois (the "Underlying Lawsuit").  A true and correct copy of the active Amended Complaint is attached hereto as Exhibit B.

10. In the Underlying Lawsuit, Mr. Reece alleges that Carbondale contracted with Samron to perform repair and maintenance to the sidewalk on South Wall Street in Carbondale.

11. Mr. Reece alleges that, on October 22, 2019, he was operating his wheelchair along the sidewalk on South Wall Street in Carbondale near to where Samron's work was being performed, and that the construction work impeded his path along the sidewalk.

12. Mr. Reece alleges that he was forced to enter the northbound lane of traffic on South Wall Street and while doing so was struck by an automobile.

13. Mr. Reece alleges that Samron and Carbondale were negligent in maintenance of the sidewalk and in directing foot traffic around the construction zone, and that as a result of the alleged negligence, Mr. Reece was injured.

14. Carbondale has tendered the defense of the Underlying Lawsuit to BITCO General, claiming that Carbondale qualifies as an additional insured under BITCO General Policy issued to Samron.

15. An actual controversy exists between BITCO General and Carbondale regarding whether BITCO General owes any current insurance coverage obligations, including a duty to defend, to Carbondale in connection with the Underlying Lawsuit.

**COUNT I – DECLARATORY RELIEF –
<u>BITCO GENERAL HAS NO CURRENT DUTY TO DEFEND CARBONDALE</u>**

16. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 15 of this Complaint.

17. The BITCO General Policy contains the following endorsement relating to additional insured coverage via Form GL-3084 (11/11) ("Additional Insured Endorsement"):

> **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
>
> \* \* \*
>
> **B. CONTRACTORS AUTOMATIC ADDITIONAL INSURED COVERAGE – ONGOING OPERATIONS**
>
> **SECTION II – WHO IS AN INSURED** is amended to include as an additional insured any person or organization who is required by written contract to be an additional insured on your policy, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> **1.** Your acts or omissions; or
>
> **2.** The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the project(s) designated in the written contract.
>
> \* \* \*
>
> This insurance is excess of all other insurance available to the additional insured, whether primary, excess, contingent or on any other basis, unless the written contract requires this insurance to be primary. In that event, this insurance will be primary relative to insurance policy(s) which designate the additional insured as a Named Insured in the Declarations and we will not require contribution from such insurance if the written contract also requires that this insurance be non-contributory. But with respect to all other insurance under which the additional insured qualifies as an insured or additional insured, this insurance will be excess.
>
> \* \* \*

Ex. A at BITCO 00100.

18. Samron and Carbondale agreed in a written contract that Samron would purchase insurance against claims for damages because of bodily injury and that such insurance would include Carbondale as an additional insured. Relevant portions of the written contract between Carbondale and Samron are attached hereto as Exhibit C.

19. However, there is no written contract that requires the insurance purchased by Samron to be primary insurance as to Carbondale, as is required for primary coverage to exist under the Additional Insured Endorsement.

20. Thus, the BITCO General Policy is excess insurance as to Carbondale.

21. The BITCO General Policy contains the following condition:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
> 
> \*   \*   \*
> 
> **4. Other Insurance**
> 
> \*   \*   \*
> 
> **b.   Excess Insurance**
> 
> \*   \*   \*
> 
> **(2)** When this insurance is excess, we will have no duty under Coverage is **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

Ex. A at BITCO 00091.

22. Because the BITCO General Policy is excess insurance, BITCO General has no duty to defend Carbondale unless no other insurer defends Carbondale.

23. On information and belief, Carbondale is being defended by another insurance carrier, and therefore, BITCO General has no current duty to defend Carbondale in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff BITCO General Insurance Corporation respectfully requests that this Court enter a judgment:

(a) declaring that BITCO General has no obligation to defend the City of Carbondale under the BITCO General Policy with respect to the Underlying Lawsuit;

(b) awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c) awarding all other and further relief as this Court deems just and proper.

## COUNT II – DECLARATORY RELIEF – IN THE ALTERNATIVE – VARIOUS POLICY PROVISIONS

24. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 23 of this Complaint.

25. In the alternative, the BITCO General Policy does not apply to provide insurance coverage to Carbondale for the Underlying Lawsuit for one or more of the following reasons:

(a) The requirements of the Additional Insured Endorsement in the BITCO General Policy have not been satisfied with respect to Carbondale. Specifically, the alleged "bodily injury" in the Underlying Lawsuit was not caused either, in whole or in part, by Samron or those acting on behalf of Samron.

(b) Carbondale's request for coverage is barred, in whole or in part, by the other terms, conditions, exclusions, definitions, declarations, endorsements, and/or limitations contained in the BITCO General Policy.

WHEREFORE, in the alternative, Plaintiff BITCO General Insurance Corporation respectfully requests that this Court enter a judgment:

    (a)    declaring that BITCO General has no obligation to defend or indemnify the City of Carbondale under the BITCO General Policy with respect to the Underlying Lawsuit;

    (b)    awarding BITCO General its attorneys' fees, costs, and disbursements in prosecuting this action; and

    (c)    awarding all other and further relief as this Court deems just and proper.

Respectfully submitted,

BITCO GENERAL INSURANCE CORPORATION

By: */s/ John A. Husmann*

One of Its Attorneys

John A. Husmann - Lead Counsel
jhusmann@batescarey.com
Illinois Attorney No. 6273392
Gustavo A. Otalvora
Illinois Attorney No. 6301324
gotalvora@batescarey.com
BATESCAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL   60606
Telephone: (312) 762-3100
Fax: (312) 762-3200

3140454